IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DWAYNE J. NORTON,

    Plaintiff,

vs.                                   Case No. 4:05cv104-MMP/WCS

HARRY K. SINGLETARY, JR.
and JAMES V. CROSBY,

    Defendants.

                                  /

## REPORT AND RECOMMENDATION

    This case was recently reassigned to the undersigned. Doc. 19. Plaintiff, an inmate proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983, had previously submitted an amended complaint. Doc. 14. Plaintiff's amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

    Plaintiff's complaint is not a model of clarify. However, it appears that Plaintiff seeks monetary damages of five billion dollars for what he alleges was an unconstitutional deprivation of due process. Doc. 14. Plaintiff also seeks injunctive relief by way of the Court ordering the Secretary of the Florida Department of Corrections to submit a plan for prison hearings prior to forfeiting good credits. *Id.*

A liberal reading of Plaintiff's complaint indicates that Plaintiff had 1,800 days of good credit forfeited.  Doc. 13.[1]  Plaintiff apparently earned those credits during his prior incarceration which lasted from 1989 to 1997, and the gain time was forfeited when Plaintiff was returned to prison as it does not appear from his allegations that Plaintiff was given a disciplinary report.  Moreover, forfeiture of gain time in a disciplinary report would not result in that much gain time being taken.

Plaintiff has not demonstrated through factual allegations how or why any constitutional right was violated.  Though Plaintiff makes blanket asserts that he was denied notice detailing the reasons "for the termination" or that he was denied the right to counsel or an impartial decision maker, Plaintiff has not provided facts in support of any of his claims.  The complaint fails to state a claim upon which relief may be granted.

Plaintiff has presented with his amended complaint a grievance to the Secretary's Office in which he complains that Defendant Singletary "took back in 1993 prison overcrowding credit provisional credits good time" which Plaintiff contends violated the *ex post facto* clause.  Doc. 14, attachment.  To the degree Plaintiff's complaint is based on actions which took place in 1993, the claims are barred by Florida's four-year statute of limitations.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488

---

[1] Although not entirely clear from the amended complaint, review of Plaintiff's incarceration history from the Florida Department of Corrections's website reveals that Plaintiff was released from prison on March 11, 1997, after serving his third period of incarceration which began in 1989.  www.dc.state.fl.us.  He was returned to prison on September 26, 2000, on a new 10 year sentence for attempted robbery.  *Id.*

U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). If Plaintiff's claims occurred in 1993, a lawsuit challenging those facts must have been brought in 1997. These claims must be dismissed as they are barred by the statute of limitations.

Although the length of the time period is determined by state law, when a § 1983 action accrues is a question of federal law. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.* Thus, it may be presumed in Plaintiff's favor that he was not aware in 1993 that the forfeiture of provisional credits violated his constitutional rights. However, a prior action was brought challenging Florida's statute which retroactively cancelled provisional early release credits. Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The United States Supreme Court held that the statute violated the *ex post facto* clause by increasing a prisoner's punishment. That decision was issued by the Court on February 19, 1997. Even if Plaintiff was unaware of the viability of such a claim in 1993, Plaintiff certainly should have been aware of his ability to raise these claims through Lynce v. Mathis. Assuming in the light most favorable to Plaintiff that his time began running when the Supreme Court decided the Lynce case, the clock began in February of 1997. Thus, even giving Plaintiff this additional time and the benefit of the doubt, his claims

expired in February of 2001.  This action, filed in March of 2005 is too late.  The expiration of the statute of limitations warrants § 1915 dismissal.  <u>Clark v. Georgia Pardons and Parole Bd.</u>, 915 F.2d 636, 641, n. 2 (11th Cir. 1990).

  Finally, review of Plaintiff's grievances submitted with the amended complaint reveal that Plaintiff did not properly submit his claims through the Department of Corrections grievance process.  Plaintiff did not timely submit his claim and he did not first file an appeal with the institution.  Doc. 14, p. 13.  Plaintiff failed to follow the instructions provided to him in re-submitting his grievance and attempted to appeal the rejection of the first grievance.  The rules do not allow such a procedure.  Section 1997e(a) provides:  "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory.  <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  A prisoner must comply with the process set forth and established by the State's grievance procedures.  *See* <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999).  Failure to do so required dismissal.  *See* <u>Harper v. Jenkin</u>, 179 F.3d 1311 (11th Cir. 1999) (noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown").  Failure to exhaust available administrative remedies is the functional equivalent of failing to state a claim, and thus should be counted as a strike under 28 U.S.C. § 1915(g).  *See* <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998) (stating that "[a] claim that fails to

allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 14 , be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because the allegations are clearly barred by the statute of limitations.  It is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2005.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**